UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

SUZANNE KAY GOCKE,              )
                                )
              Plaintiff,        )
         vs.                    )    No. 1:07-cv-008-SEB-JMS
                                )
JUDGE MARY LEE COMER, et al.,   )
                                )
              Defendants.       )

# E N T R Y

The plaintiff's request to proceed *in forma pauperis* is **granted.** This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), however, because the complaint fails to assert a claim which would properly invoke this court's subject matter jurisdiction. This conclusion is based on the following facts and circumstances:

1.   The plaintiff's claim is brought pursuant to 42 U.S.C. § 1983.

   a.   To state a claim under § 1983, a plaintiff must allege (1) that she was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law.[1]

   b.   The State of Indiana (perhaps here sued as Indiana lawmakers, but without significant difference) is not a "person" subject to suit under § 1983, and also is immune from suit under the Eleventh Amendment.[2]

   c.   The claim against Judge Comer in her official capacity skirts the Eleventh Amendment barrier, but runs headlong into the Federal Courts Improvement Act of 1996 ("FCIA"). The FCIA amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was

---

[1]   *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

[2]   *Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir.), *cert. denied,* 118 S. Ct. 298 (1997).

violated or declaratory relief is unavailable."[3] These conditions are not present as to the claim against Judge Comer in her official capacity.[4] Accordingly, Congress acted more than a decade ago to withdraw the cause of action the plaintiff asserts.

d.   Even if the FCIA did not prevent the court from proceeding with the claims asserted by the plaintiff, this court does not have jurisdiction to review a state court judgment. *See Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir. 2002)("Simply put, the *Rooker [v. Fidelity Trust Co.,* 263 U.S. 413 (1923)]-[*District of Columbia Court of Appeals v.] Feldman[* 460 U.S. 462 (1983),] doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'  Thus, if a claim is barred by the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over the case.") (internal citations and footnote omitted)*; White v. White,* 796 N.E.2d 377, 380 (Ind.Ct.App. 2003) (a judgment of a court of general jurisdiction is presumed valid and enforceable unless and until set aside).

2.   Subject matter jurisdiction "defines the court's authority to hear a given type of case," *United States v. Morton,* 467 U.S. 822, 828 (1984), and is the first question in every case, *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 440 (7th Cir. 1992), *cert. denied,* 114 S. Ct. 2109 (1994). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). That is the case here, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  02/28/2007

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3]   42 U.S.C. § 1983.

[4]   *See, e.g., Montero v. Travis,* 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee,* 99 F.Supp.2d 573, 575-576 (E.D.Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle,* 43 F.Supp.2d 265, 273 (E.D.N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).